UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

RAUL VIDAL RODRIGUEZ,

       Plaintiff,

vs.

FLORIDA INTERNATIONAL
ENTERPRISES LLC., a Florida limited
liability company,

       Defendant.

_____/

# **COMPLAINT**

    COMES NOW Plaintiff, RAUL VIDAL RODRIGUEZ, by and through his undersigned

attorney, and hereby sues Defendant, FLORIDA INTERNATIONAL ENTERPRISES LLC a

(hereinafter referred to as "FIE LLC"), and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

    1.     This is an action to recover monetary damages, liquidated damages, interests, costs

and attorney's fees for willful violations of overtime wages under the laws of the United States,

the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

    2.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this

Honorable Court.

    3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this

action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

    4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.      Defendant FIE LLC, is a Florida limited liability company which is registered to do business in Florida. FIE LLC regularly conducted business in Miami-Dade County, Florida by maintaining a warehouse and offering freight forwarding services to of Miami-Dade County, Florida.

6.      Defendant FIE LLC is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce.  Specifically, two or more employees of FIE LLC would routinely handle computer equipment, machinery, office supplies, tools and materials on a regular and consistent basis. These equipment, machinery and other equipment, tools, and materials handled by two or more employees had travelled in interstate commerce. Furthermore, FIE LLC, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7.      Upon information and belief, the annual gross revenue of FIE LLC was at all times material hereto in excess of $500,000.00 per annum gross for the year 2019, 2020, 2021.

8.      Upon information and belief, the annual gross revenue of FIE LLC is expected to exceed $500,000.00 per annum gross for the year 2022.

9.      By reason of the foregoing, FIE LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

COUNT I: UNPAID OVERTIME WAGES

10.      Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11.     FIE LLC is a company that provides freight forwarding services.

12.     Plaintiff was employed by FIE LLC as a non-exempt hourly employee who provided services of services of a security guard.

13.     Plaintiff was employed by FIE LLC from approximately November 2017 through January 24, 2022.

14.     From on or about January 1, 2018 through on or about June 30, 2020, Plaintiff was paid at a rate of $10.00 per hour and worked an approximate average of 84 hours per week.

15.     From on or about July 1, 2020 through on or about January 24, 2022, Plaintiff was paid a rate of $10.50 per hour and worked an approximate average of 72 hours per week.

16.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, GLASS INC failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17.     Plaintiff was paid straight time wages for all worked but was never paid the additional premium halftime rate in weeks when the Plaintiff worked more than 40 hours per week. Plaintiff is entitled to recover the premium halftime rate on those weeks in which Plaintiff worked more than 40 hours per week.

18.     FIE LLC knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. FIE LLC was aware of the Plaintiff's work schedule and that he was regularly working more than 40 hours per week. Defendant was aware of their responsibility to pay the Plaintiff overtime wages at a rate

of not less than time and a half the regular rate. Defendant maintained the practice of paying Plaintiff through a form 1099 in order to mislead the Plaintiff and/or obfuscate that Defendant had an obligation of paying overtime wages. As a result of this misclassification, Defendant further unlawfully received a benefit of a tax write-off by declaring the wages as an expense. Despite such knowledge, Defendants continued to fail to pay Plaintiff his overtime wages that were due and owed.

19.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: February 8, 2022

Daniel T. Feld, P.A.
Co-Counsel for Plaintiff
2847 Hollywood Blvd.
Hollywood, FL 33020
Tel: 954-361-8383
Email: Danielfeld.esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane LLC
Co-counsel for Plaintiff
10800 Biscayne Blvd., Suite 650
Miami, FL 331624
Telephone (305) 773-6662
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561